UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Ceferina G. Hess,<br><br>      Plaintiff,<br><br>  v.<br><br>Lander University, et al.,<br><br>      Defendants. | C/A No. 8:04-1474-GRA-WMC<br><br>ORDER<br>(Written Opinion) |

  This matter is before the Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(A) and Local Rule 73.02(B)(2)(g), D.S.C., and filed on January 24, 2006. The magistrate recommends granting Defendants' motion for summary judgment on Plaintiff's federal claims and declining to exercise supplemental jurisdiction over the state law claims. For the reasons stated herein, the magistrate's Report and Recommendation is hereby adopted.

**Procedural History**

  Plaintiff filed this action on May 11, 2004. Defendants filed a motion to dismiss and for summary judgment on June 10, 2005. By order filed on June 14, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the dismissal procedure and the possible consequences if she failed to adequately respond to the motion. Plaintiff filed a response to Defendants'

1

motion on August 1, 2005. Defendants filed a reply brief on August 10, 2005, and Plaintiff filed an amended response to the motion on August 15, 2005. She filed a sur-reply to Defendants' reply brief on September 12, 2005.

## Standard of Review

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). Plaintiff filed objections to the Report and Recommendation on February 14, 2006.

## Discussion

Plaintiff states as her first objection that "[t]he Defendants have repeatedly argued that Plaintiff Hess's claims are not barred on the basis of Title VII of the Civil Rights Act of 1964 (Pub. L. 88-352)." However, the two paragraphs following this objection title in no way factually support this assertion. The Court is unclear as to

whether there is a typographical error in this first objection, but the Defendants have consistently argued that Plaintiff, in fact, has no cognizable claim under Title VII. Furthermore, with this objection, Plaintiff does not point to a specific error made in the magistrate's Report and Recommendation.  Therefore, this objection is without merit.

Plaintiff second objection states "Defendants' arguments that Plaintiff's filing of her case with the EEOC was barred by the statute of limitations and no mention of sex was made on the form provided by the EEOC office are without merit."  The Report and Recommendation does not discuss the lack of mentioning sex on the EEOC form, and thus the latter part of the second objection is without merit. Regarding the timeliness of this action, Plaintiff appears to argue that (1) this case was timely filed because it was not dismissed by the EEOC, and (2) she is still being subjected to a hostile work environment as a "student" at Lander University. Plaintiff offers no legal support for the assertion that a Title VII action is timely filed if the EEOC does not dismiss it.  Further, the magistrate was correct in finding that any hostile work environment claim that Plaintiff had accrued not later than May 6, 2002, when she was notified of Dr. Daniel W. Ball's intent to dismiss her. Therefore, this objection is without merit.

Plaintiff's third objection states "Defendants have monopolized their arguments on the basis of Plaintiff's deposition."  Plaintiff appears to argue in this objection that the magistrate did not completely consider Plaintiff's evidence which

Plaintiff argues creates several genuine issues of material fact. However, Plaintiff does not point to specific evidence that creates a genuine issue of material fact relating to a specific conclusion of law made by the magistrate in the Report and Recommendation. Therefore, this objection is without merit.

Plaintiff's fourth objection states "[t]his Honorable Court has pendent jurisdiction as well as supplemental jurisdiction of all state law claims proffered by Plaintiff Hess." Plaintiff is correct in making this assertion. However, where all of the plaintiff's federal causes of action have been dismissed, the court may, in its discretion, decline to exercise supplemental jurisdiction over the remaining state law causes of action. *See* 28 U.S.C. § 1367(c)(3). Such is the case here, whereby pursuant to this Order, all of Plaintiff's federal claims will be dismissed. Therefore, this Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

Plaintiff's fifth and final objection states the "Report & Recommendation ignored or disregarded several important and material facts to the detriment of Plaintiff Hess." None of the facts discussed within this objection by Plaintiff point to a specific error of law made by the magistrate in the Report and Recommendation. Therefore, this objection is without merit.

### Conclusion

After a review of Plaintiff's objections and the magistrate's Report and Recommendation, this Court finds that the report is based upon the proper law.

Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that Defendants' motion for summary judgment be GRANTED IN PART such that Plaintiff's federal claims are DISMISSED.

IT IS FURTHER ORDERED that this Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

February __17__, 2006.

### NOTICE OF RIGHT TO APPEAL

Plaintiff has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.